UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-266-FDW

JAMES ERNEST CHAMBERS, )
)
       Petitioner, )
)
v. )
)    ORDER
STATE OF NORTH CAROLINA, )
)
       Respondent. )
)

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's Section 2254 petition will be dismissed. See Rule 4 of the Rules Governing Section 2254 Cases.

## I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina, following his conviction in Buncombe County Superior Court on September 29, 2003, on six counts of taking indecent liberties with a child. According to the website of the North Carolina Department of Public Safety, Petitioner's projected release date is August 12, 2015.

On September 27, 2004, Petitioner filed a Section 2254 motion in this district raising claims related to his state appeal, double jeopardy, evidentiary concerns and governmental discrimination. Petitioner's § 2254 motion was denied and dismissed after the Court found that he had failed to present any meritorious claims for relief. (1:04-cv-207-GCM, Doc. No. 17). Petitioner's appeal from this order was dismissed by the United States Court of Appeals on August 29, 2007. Chambers v. Kenworthy, 238 F. App'x 962 (4th Cir. 2007) (unpublished), cert.

1

denied, 552 U.S. 1168 (2008).

On October 1, 2013, Petitioner filed this second habeas petition contending that other state prisoners have been resentenced to lesser terms of imprisonment, by various North Carolina superior courts, based on changes to North Carolina's sentencing laws.

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) places limitations on a state prisoner's ability to pursue collateral relief in federal district court. In particular, the statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file this second § 2254 petition and it will therefore be dismissed.

## III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

Signed: October 10, 2013

Frank D. Whitney
Chief United States District Judge